

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2008

# Maple Shade Mtr Corp v. Kia Mtr Amer Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3971

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Maple Shade Mtr Corp v. Kia Mtr Amer Inc" (2008). *2008 Decisions.* Paper 1763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3971

_____

MAPLE SHADE MOTOR CORPORATION
D/B/A MAPLE SHADE KIA OF TURNERSVILLE,

Appellant

v.

KIA MOTORS AMERICA, INC.

_____

Appeal from Orders Entered by the United States District Court
for the District of New Jersey
Civil Action No. 04-cv-02224
District Judge: Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 8, 2008

_____

Before: FISHER, HARDIMAN AND ALDISERT, Circuit Judges

(Filed January 11, 2008)

_____

OPINION

_____

ALDISERT, Circuit Judge

Because we write exclusively for the parties and the parties are familiar with the

facts and proceedings below, we will not revisit them here.

I.

The District Court did not err in granting summary judgment in favor of Kia Motors America, Inc. ("KMA") with respect to KMA's good cause termination of its franchise agreement with Maple Shade Motor Corporation. The New Jersey Franchise Protection Act, N.J. STAT. ANN. §§ 56:10-1, et seq., ("NJFPA") prohibits a franchisor from terminating a franchise agreement without giving proper notice to the franchisee and without good cause for the termination. Id. § 56:10-5. When evaluating the "good cause" requirement for the termination of a franchise agreement, courts have focused their inquiries on whether a franchisee has breached a material obligation of the franchise agreement. See Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 315-317 (3d Cir. 2001). In addressing this materiality requirement, this Court has stated that "a breach is material if it 'will deprive the injured party of the benefit that is justifiably expected' under the contract." Id. at 315 (quoting 2 E. ALLEN FARNSWOTH, FARNSWORTH ON CONTRACTS § 8.16, at 497 (2d ed. 1998)).

Here, the Addendum to the franchise agreement signed by Maple Shade and KMA expressly stated that Maple Shade's obligation to build an exclusive Kia showroom was a material term of the parties' agreement. This statement indicates that KMA was justified in expecting Maple Shade to build the Kia showroom as it was integral to the parties' agreement. See New A.C., 263 F.3d at 316. In addition, KMA's conduct following Maple Shade's failure to meet the deadline for construction of the showroom emphasizes the

2

materiality of the provision. KMA repeatedly admonished Maple Shade for its failure to construct the showroom and encouraged Maple Shade to bring itself into compliance with the agreement.

Because Maple Shade failed to construct the showroom described in the Addendum, Maple Shade breached a material and reasonable term of the parties' agreement. Contrary to Maple Shade's argument, its existing facilities did not substantially comply with the terms of the Addendum as its existing facilities did not provide KMA with a benefit that it justifiably expected under the Addendum, an exclusive Kia showroom. By failing to construct the exclusive Kia showroom required by the Addendum, Maple Shade committed a material breach of the franchise agreement and gave rise to KMA's good cause termination of the franchise agreement.

Therefore, exercising plenary review, Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 87-88 (3d Cir. 2000), we are satisfied that the District Court did not err in granting summary judgment in favor of KMA as no genuine issue of material fact existed concerning KMA's good cause termination of the franchise agreement.

II.

The District Court did not err in granting summary judgment in favor of KMA with respect to Maple Shade's claim that KMA improperly rejected its proposed transfer of the Kia franchise to Vallee & Bowe, Inc. The NJFPA describes circumstances for a franchisee's proper transfer of an existing franchise and a franchisor's proper rejection of a franchisee's proposed transfer. See N.J. STAT. ANN. § 56:10-6. In this case, KMA's

3

rejection of the proposed transfer was proper.

According to the terms of the Consent Agreement executed at the outset of this litigation, Maple Shade had only an interest in a franchise agreement subject to a notice of termination. The Consent Agreement did not nullify the notice of termination; instead, it preserved the status quo without "modify[ing], increas[ing] or diminish[ing] any of the rights or obligations that either party would otherwise have after the dealer's receipt of a notice of termination." App. 398A. The status quo at the time the Consent Agreement was entered into was that Maple Shade had no rights in the franchise transferrable "free and clear" of the notice of termination. See Restatement (Second) of Contracts § 336 cmt. b. Because the District Court found that KMA had good cause to terminate the franchise agreement with Maple Shade and the Consent Agreement preserved the status quo as it existed after KMA issued the notice of termination, KMA's rejection of the proposed transfer "free and clear" did not contravene the NJFPA.

In addition, the proposal for the transfer of the Kia franchise from Maple Shade to Vallee & Bowe anticipated Vallee & Bowe temporarily housing Kia vehicles in its Cadillac showroom until Vallee & Bowe could build a separate Kia showroom. When Maple Shade presented the transfer proposal to KMA, Vallee & Bowe was unable to provide any assurances that General Motors consented to the dualing of the Cadillac and Kia vehicles in Vallee & Bowe's Cadillac showroom. Therefore, Vallee & Bowe was unable to commit to providing any Kia dealership facilities, let alone the exclusive showroom required by the Addendum. Because Vallee & Bowe could not agree to meet

4

all of the requirements of the existing franchise agreement, KMA's rejection of the proposed transfer was not prohibited by the NJFPA. See N.J. STAT. ANN. § 56:10-6.

Therefore, exercising plenary review, Northview Motors, 277 F.3d at 87-88, we are satisfied that the District Court did not err in granting summary judgment as Maple Shade's attempt to transfer the franchise "free and clear" of the notice of termination and Vallee & Bowe's inability to demonstrate that it could fulfill the requirements of the agreement were proper bases for KMA to reject the proposed transfer.

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary.

Accordingly, the judgment of the District Court will be affirmed.